**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL SCOTT MCRAE,<br><br>　　　　Petitioner,<br><br>　v.<br><br>H. A. RIOS, JR., Warden,<br><br>　　　　Respondent. | ) Case No.: 1:10-cv-001246-JLT<br>)<br>) ORDER DENYING AND DISMISSING<br>) PETITION FOR WRIT OF HABEAS CORPUS<br>) (Doc. 1)<br>)<br>)<br>) ORDER DIRECTING CLERK OF COURT TO<br>) ENTER JUDGMENT AND CLOSE FILE<br>)<br>) ORDER DECLINING TO ISSUE CERTIFICATE<br>) OF APPEALABILITY |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On July 21, 2010, Petitioner filed his written consent to the jurisdiction of the Magistrate Judge for all purposes. (Doc. 3). On August 9, 2010, Respondent filed his written consent to the jurisdiction of the Magistrate Judge for all purposes. (Doc. 7).

**PROCEDURAL HISTORY**

Petitioner is in custody of the United States Bureau of Prisons ("BOP") serving a life sentence pursuant to a September 1, 1998 conviction in the United States District Court for Eastern District of North Carolina for a violation of 21 U.S.C. § 836 (conspiracy with intent to distribute and possession with intent to distribute cocaine and cocaine base). (Doc. 10-1, Ex. 7).

Previously, on June 3, 1996, Petitioner had been convicted in the North Carolina state courts of possession of cocaine with intent to sell or deliver and possession of heroin with intent to sell or deliver

and sentenced to consecutive fifteen-year terms for each offense. (Id., Exs. 3 & 4). On June 7, 1996, Petitioner commenced his prison terms as a state prisoner in North Carolina. (Id., Ex. 5). On December 4, 1997, Petitioner was temporarily removed from state custody via a writ of habeas corpus ad prosequendam for prosecution in the Eastern District of North Carolina. (Id., Ex. 6). As mentioned, Petitioner was convicted and sentenced to a life term for federal drug charges on September 1, 1998. At the time of sentence on his federal conviction, Petitioner was in the primary custody of the state of North Carolina and still serving his thirty-year state sentence. (Id., Exs. 3 & 4). On September 2, 1998, after being sentencing in federal court, Petitioner was returned to state prison for completion of his state sentence. (Id., Exs. 9 & 10). On April 10, 2009, Petitioner was released by the state of North Carolina into the custody of the United States Marshal's Service to serve the remainder of his federal sentence. Upon arrival, the BOP calculated Petitioner's sentence as commencing on the date of imposition, i.e., September 1, 1998, pursuant to 18 U.S.C. § 3585(b). Because Petitioner was still in state custody at the time, the BOP designated the state Department of Corrections as the official detention facility. (Id., Ex. 11). Until Petitioner completed his state sentence, he was receiving credits for both his state and federal sentence; however, the BOP determined that federal law prohibited any additional award of credits. Petitioner currently is in the custody of the BOP and, as one subject to a life sentence, has no projected release date. (Id., Ex. 13).

On July 12, 2010, Petitioner filed the instant petition, raising two grounds for relief: (1) cruel and unusual punishment under the Eighth Amendment; and (2) unconstitutional disproportionality between the sentence given here for possession of marijuana by an inmate versus possession of marijuana by a non-inmate. (Doc. 1). Respondent's answer was filed on October 1, 2010. (Doc. 10). On October 14, 2010, Petitioner filed his Traverse. (Doc. 11). On January 24, 2013, Petitioner filed additional legal arguments regarding the computation of his sentence. (Doc. 12). Respondent has neither objected to Petitioner's supplemental arguments nor filed a response to them.

Respondent concedes Petitioner exhausted all of his administrative remedies. (Doc. 10, p. 3).

## **JURISDICTION**

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. See 28 U.S.C. § 2241. While a federal prisoner who wishes to challenge the validity or

constitutionality of his conviction must bring a petition for writ of habeas corpus under 28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.  See, e.g.,  Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).  To receive relief under 28 U.S.C. § 2241 a petitioner in federal custody must show that his sentence is being executed in an illegal, but not necessarily unconstitutional, manner.  See, e.g., Clark v. Floyd, 80 F.3d 371, 372, 374 (9th Cir. 1995) (contending time spent in state custody should be credited toward federal custody);  Jalili, 925 F.2d at 893-94 (asserting petitioner should be housed at a community treatment center);  Barden v. Keohane, 921 F.2d 476, 479 (3rd Cir. 1990) (arguing Bureau of Prisons erred in determining whether petitioner could receive credit for time spent in state custody); Brown, 610 F.2d at 677 (challenging content of inaccurate pre-sentence report used to deny parole).  A petitioner filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 must file the petition in the judicial district of the petitioner's custodian.  Brown, 610 F.2d at 677.

In this case, Petitioner alleges that he is being unlawfully denied credit against his federal sentence.  Petitioner also contends that the sentencing court misapplied the federal sentencing guidelines in computing his sentence.  To the extent that Petitioner is challenging the computation of credits, he is challenging the execution of his sentence rather than its imposition.  Thus, that claim is proper under 28 U.S.C. § 2241.  However, to the extent that Petitioner is challenging his sentence, he must proceed, as discussed *infra*, by a motion pursuant to 28 U.S.C. § 2255, and not by way of a federal habeas petition.  In addition, because Petitioner was incarcerated at the time of filing of the petition at the United States Penitentiary, Atwater, California, which lies within the Eastern District of California, Fresno Division, this Court has jurisdiction to proceed.

**DISCUSSION**

I.  Calculation of Credits.

Petitioner contends that he is entitled to credits on his federal sentence from the date he was originally arrested by state authorities.  He also contends that he is entitled to credits pursuant to Willis v. United States, 438 F.2d 923 (5th Cir. 1971).  Both contentions are without merit.

3

The authority to compute a federal prisoner's sentence is delegated to the Attorney General, who exercises it through the Bureau of Prisons ("BOP").  United States v. Wilson, 503 U.S. 329, 334-35, 112 S.Ct. 1351, 1354-55 (1992); Allen v. Crabtree, 153 F.3d 1030, 1033 (9th Cir. 1998), *cert denied*, 525 U.S. 1091 (1999).  "Computing a federal sentence requires two separate determinations: first, when the sentence commences; and, second, to what extent the defendant in question may receive credit for any time already spent in custody."  United States v. Smith, 812 F.Supp 368, 370 (E.D.N.Y. 1993); Jimenez v. Warden, FDIC, Fort Devens, Mass., 147 F.Supp.2d 24, 27 (D.Mass.2001); Chambers v. Holland, 920 F.Supp. 618, 621 (M.D.Pa. 1996), *affirmed by*, 100 F.3d 946 (3rd Cir. 1996).

A federal sentence commences "on the date the defendant is received in custody. . . to commence service of sentence at the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a); Thomas v. Brewer, 923 F.2d 1361, 1369 (9th Cir. 1991).  Here, the following facts are undisputed: (1) On June 3, 1996 Petitioner was sentenced in North Carolina's state court to a thirty-year prison term; (2) on June 7, 1006, Petitioner was committed to the North Carolina Department of Correction to serve that sentence; (3) on December 4, 1997, Petitioner was temporarily removed from state custody pursuant to a writ of habeas corpus prosequendum to the U.S. District Court for the Eastern District of North Carolina to face federal drug charges; (4) on September 1, 1998, Petitioner was sentenced on the federal charges to life in prison; (5) at the time of sentencing on the federal charges, Petitioner was in the primary custody of the State of North Carolina; (6) the U.S. District Judge expressly ordered that the federal sentence run concurrent with Petitioner's state sentence; (7) on September 2, 1998, Petitioner was returned to state custody in satisfaction of the writ of habeas corpus ad prosequendum and the U.S. Marshal's service filed a detainer with the State of North Carolina that advised the state of his federal conviction; (8) on April 10, 009, Petitioner was released from the custody of the State of North Carolina, having served his state sentence, thus placing him in exclusive federal custody; (9) upon his placement in federal custody, the BOP computed Petitioner's sentence, determined it commenced on September 1, 1998, and designated the state prison facility as the place for service of Petitioner's sentence.  There is no dispute that Petitioner is entitled to credit against his federal sentence after September 1, 1998, and there is, likewise, no contention raised herein that he has

not fully been given such credit.  The only issue is whether Petitioner is entitled to credits for any period of time prior to September 1, 1998.

Thomas v. Brewer is dispositive of the date Petitioner's federal sentence commenced.  In that case, petitioner was arrested on state charges on May 10, 1964.  While in state custody, he was charged in federal court with armed bank robbery.  On three occasions--June 15, 1964, June 23, 1964, and August 4, 1964--petitioner was brought to federal court on a writ of habeas corpus ad prosequendum to answer the federal charges.  On the latter date, August 4, 1964, petitioner was sentenced to the "maximum period prescribed by law."  Thomas, 923 F.2d at 1363.

After his sentencing in federal court, petitioner was returned to state authorities in Los Angeles, where, on August 28, 1964, he appeared in state court and was sentenced to two concurrent terms.  Id.  On February 11, 1965, petitioner was sentenced in state court to a term of life on yet another charge.  Id. at 1364.  Thomas began serving his state term in California State Institution, Chino, on February 23, 1965.  Id.  On November 23, 1966, pursuant to a recommendation of the state court, petitioner was turned over to U.S. marshals to enable concurrent service of petitioner's federal and state terms.  At an unknown date in December 1966, petitioner was delivered to the Federal Correctional Institute, Lompoc, California.  Id.

Thomas contended in a federal habeas petition that he should be given credit for time in custody between August 4, 1964 and November 23, 1966.  Id.  The federal district court disagreed and denied Thomas' petition.  Id.  The Ninth Circuit affirmed, rejecting Thomas' contention that he was in federal custody at the time of his initial federal sentencing on August 4, 1964, and that his federal sentence should therefore run from that date.  Id.   In so doing, the Ninth Circuit upheld the district court's determination that Thomas' sentence commenced to run on November 23, 1964, the date he was originally released from state prison and turned over to the custody of U.S. marshals for concurrent service.  Id. at 1369 ("Thomas's sentence could not have begun to run until he was received at an institution either to serve his sentence, or to be transported to another institution where his sentence was to be served.").

Applying Thomas to this case, Petitioner was not "received into [federal] custody...to commence service of sentence at the official detention facility at which the sentence is to be served"

either on the date he was originally sentenced in state court or on the date or dates he was brought to federal court prior to September 1, 1998 on the writ of habeas corpus prosequendum; rather, on those earlier dates, he was, despite being given over to federal authorities, still serving his state sentence and still in the primary custody of the State of North Carolina; rather, on those dates, he was merely transferred, pursuant to a writ of habeas corpus ad prosequendum, to secondary federal custody for proceedings on the separate and new federal charges.  By contrast, Petitioner was indeed "received into [federal] custody" on September 1, 1998, when he was sentenced on the federal charges.  Thomas, 923 F.2d at 1369; see United States v. Segal, 549 F.2d 1293, 1301 (9th Cir. 1977)("a federal term cannot begin until a prisoner has been received by federal authorities"); United States v. Graham, 538 F.2d 261, 265 (9th Cir. 1976)("Unless time is served in federal custody, it does not count as credit for time served under a federal sentence"); Gunton v. Squier, 185 F.2d 470, 471 (9th Cir. 1950)("his Federal sentence could not start to run until he was delivered to and received by the United States Marshal at the place of detention to await transportation to the Federal penitentiary").  Accordingly, September 1, 1998 was the date when Petitioner's federal detention "commenced."

Contrary to Petitioner's assertions, two reasons exist for why Petitioner is not entitled to additional credit against his federal sentence for time credited to his state sentence under 18 U.S.C. § 3585, which provides, inter alia, that "[a] defendant be given credit for any time spent in official detention prior to the date a sentence commences . . . that ***has not been credited against another sentence***." 18 U.S.C. § 3585(b) (emphasis added).   First, it was not a term served "as a result of the offense for which the [federal] sentence was imposed," § 3585(b)(1), and, second, Petitioner already received credit for that time on his state sentence.  § 3585(b)(2). To give Petitioner credit for his prior custody on both his state sentence and his federal sentence violates the plain language of § 3585(b) and is barred by United States v. Wilson, 503 U.S. 329, 337, 112 S.Ct. 1351 (1992) ("Congress made clear [in Section 3585(b) ] that a defendant could not receive a double credit for his detention time."). Thus, it is evident that petitioner is not entitled to prior custody credit pursuant to § 3585(b).

Put another way, as noted by Respondent, all of the time Petitioner seeks to have credited against his federal sentence has already been credited toward his state sentence.  Since Petitioner has received full credit against his state sentence for the all of the time spent in federal custody pursuant to

the writ of habeas corpus ad prosequendum, he is not entitled to any additional credit, i.e., effectively double credits, against his federal sentence *for the same period of time*. 18 U.S.C. § 3585(b); see also United States v. Wilson, 503 U.S. 329, 337 ("Congress made clear [in 18 U.S.C. § 3585(b)] that a defendant could not receive a double credit for his detention time."); Boniface v. Carlson, 856 F.2d 1434, 1436 (9th Cir. 1988)(per curium)(applying the precursor to 18 U.S.C. § 3585, and concluding that "[s]ince the State of Florida gave [petitioner] credit on his state sentence for the period of time he was denied release [from state custody], he is not entitled to credit against his federal sentence for the same period of time"); Rios v. Wiley, 201 F.3d 257, 274-275 (3d Cir. 2000)("[T]he general rule prohibiting double credit articulated in section 3585(b) applies equally to situations where, as here, the prisoner was in federal control pursuant to a writ of habeas corpus ad prosequendum during the time period for which a pre-sentence credit is sought."); United States v. LaBeille-Soto, 163 F.3d 93, 99 (2d Cir. 1998)("[A] defendant has no right to credit on his federal sentence for time that has been credited against his prior state sentence.").

Nor is Petitioner entitled to Willis credits. As noted above, 18 U.S.C. § 3585(b) does not provide for any exceptions. However, the BOP has adopted a policy of awarding "presentence custody credits already credited to a concurrent state sentence under narrow circumstances where the BOP has determined that the credits will be of 'no benefit' to the federal prisoner." Cruz v. Sanders, No. CV 07–04628–SVW (CT), 2008 WL 5101021, at *2 (C.D.Cal. Dec.2, 2008). "These credits are called Willis ... credits and are based on a judicially-created exception to § 3585(b) set forth in ... Willis v. United States, 438 F.2d 923 (5th Cir.1971)." Id. The Fifth Circuit's specific concern in Willis was that the defendant in that case had initially spent time in state custody only because he was subject to a federal detainer and therefore should get federal credit for that time. 438 F.2d at 925 (Where a defendant "was denied release on bail because the federal detainer was lodged against him, then that was time 'spent in custody in connection with the [federal] offense,' ... since the detainer was issued upon authority of the appellant's federal conviction and sentence."); see also Azure v. Gallegos, 97 Fed. Appx. 240 (10th Cir.2004). Given that circumstance, the court concluded the petitioner was entitled to federal credit for that time spent in state custody due to the federal detainer which precluded him from being released on bail on the state charges. Willis, 438 F.2d at 925. To be eligible for Willis credits, however, the inmate

7

must be serving a concurrent federal sentence and the inmate must not actually benefit from a credit to his state sentence. Cruz, 2008 WL 5101021, at *2.

If applied to the instant case, Willis would provide that prior custody credits (i.e., credit for time prior to September 1, 1998) be given for any time spent in non-federal presentence custody that begins on or after the date of the federal offense up to the date that the first sentence begins to run, whether that be federal or non-federal. Willis, 438 F.2d at 925. The BOP declined to award Willis credits because Petitioner's situation did not meet the criteria set forth therein, i.e., because Petitioner's state sentence began *prior to* his federal offense. Moreover, because, in contrast to the facts in Willis, Petitioner did not initially spend time in state custody *only* because he was subject to a federal detainer, the facts in this case do not further the legal and policy rationale underlying the Willis holding, i.e., that Petitioner should therefore should get federal credit for that time spent in state custody pursuant solely to a federal detainer. Willis, 438 F.2d at 925. Accordingly, no additional credits pursuant to Willis were required in this case.

II.     Separation of Powers.

In his Traverse, and again in a motion for leave to supplement the petition, Petitioner, for the first time, contends that the BOP's decision whether to make the federal sentence concurrent with a prior state sentence—what Petitioner calls a "*nunc pro tunc*" determination—violates the federal constitutional separation of powers because the same governmental body involved in prosecuting a criminal defendant then takes over the sentencing function of the judiciary by making the decision regarding concurrent or consecutive sentences. For reliance on this proposition, Petitioner rests his argument entirely on the concurrence of Judge Fletcher in Reynolds v. Thomas, 603 F.3d 1144 (9th Cir. 2010). Petitioner, however, did not raise this issue in his federal habeas petition and the Court will not consider issues raised only in the Traverse. See Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994)(noting that a district court need not consider claims raised for the first time in a traverse). However, even assuming the issue had been properly raised, it is without merit.

Petitioner's reliance upon Reynolds is misplaced. In Reynolds, petitioner had been charged but not convicted in state court on forgery charges when federal prosecutors issued a writ of habeas corpus prosequendum to prosecute him for identity theft and bank fraud. Reynolds, 603 F.3d at 1146. After

being convicted and sentenced in federal court, Reynolds was immediately returned to state custody, where he pleaded guilty and was sentenced to a state prison term.  Id.  The state court ordered his state sentence to run concurrent with his federal sentence.  Id.  While in state prison, Reynolds petitioned the BOP to designate *nun pro tunc* his state prison as the "place in which he may serve his federal sentence" pursuant to 18 U.S.C. § 3621(b), and sought a declaration that his federal sentence began when he was first incarcerated in state prison.  Id.  The BOP asked the federal sentencing court to indicate his position on retroactive designation, but the court declined.  Id.  Subsequently, the BOP denied Reynolds request based on the factors listed in 18 U.S.C. § 3621(b), specifically, the nature and circumstances of the offense, his history and characteristics, and the federal judge's response.  Id.

One of Reynolds arguments on appeal to the Ninth Circuit was that § 3621(b), on its face, gives the BOP only the administrative responsibility to identify the facility in which a federal prisoner will serve out the sentence imposed by the district court, and not the authority to issue a *nunc pro tunc* order designating a state prison as the facility for serve of a federal sentence.  Id. at 1150.  The Ninth Circuit rejected this contention, noting that it had previously approved the BOP's interpretation of § 3621(b) in Taylor v. Sawyer, 284 F.3d 1143, 1148-1149 (9th Cir. 2002).  Id.  In Reynolds, the majority of the Ninth Circuit panel again reaffirmed that position.  Id.

That holding alone would be dispositive of Petitioner's contention.  However, it bears emphasis that, unlike Reynolds, where the federal court had not designated the federal sentence to be concurrent with the state sentence and the BOP had denied the petitioner's request for *nunc pro tunc* status, in this case the federal sentence was expressly made concurrent with the state sentence. Accordingly, even if the holding in Reynolds were not directly contrary to Petitioner's contention, the salient facts in the instant case make Petitioner's argument essentially inapposite.

Also, Petitioner's contention is premised entirely on the concurring opinion of Judge Fletcher, who argued that, under the facts of Reynolds, the separation of powers argument, i.e., that the BOP had "arrogated unto itself a sentencing decision that properly belongs to the federal judiciary," was not "squarely presented" in that case.  Reynolds, 603 F.3d at 1159-1160, Fletcher, J., concurring.  In her concurrence, Judge Fletcher noted that two other circuits "have voiced doubts about the constitutionality of the BOP's practice."  Id.  However, to date, the majority's holding in Reynolds is

9

the law of this circuit and this Court is bound by its rulings.  Petitioner does not cite, and this Court is unaware, of any Ninth Circuit or U.S. Supreme Court decision holding that the BOP's *nunc pro tunc* determinations are an unconstitutional violation of the separation of powers.  Accordingly, Petitioner's claim, even if cognizable, must be rejected on its merits.

III.     Petitioner's Credits Challenge is Moot.

Respondent also contends that, because Petitioner is serving a life sentence, any challenge to a credits decision is moot.  (Doc. 10, p. 8, n. 1).  The Court agrees.

The case or controversy requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases.  Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 104 S.Ct. 373, 374-75 (1983); N.A.A.C.P., Western Region v. City of Richmond, 743 F.2d 1346, 1352 (9th Cir. 1984).  A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  Murphy v. Hunt, 455 U.S. 478, 481 (1982).  The Federal Court is "without power to decide questions that cannot affect the rights of the litigants before them."  North Carolina v. Rice, 404 U.S. 244, 246 (1971) per curiam, quoting Aetna Life Ins. Co. v. Hayworth, 300 U.S. 227, 240-241 (1937).

Here, Petitioner is serving a life sentence on his federal conviction.  He does not have a projected release date.  (Doc. 10-1, Ex. 13).  Nothing in the record establishes, or even remotely suggests, that if the Court were to grant Petitioner the credits he is seeking it would have any effect on his current life sentence.  Petitioner does not cite any evidence, facts, or law that would indicate that an additional award of credits would impact his present sentence.  Thus, because there is no actual relief that this Court can provide to Petitioner, the credits claim in the instant petition is moot.

IV.     Petitioner's Sentencing Challenge Is Beyond The Court's Habeas Jurisdiction.

A federal court may not entertain an action over which it has no jurisdiction.  Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000).  A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255.  Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981).  In such cases, only the sentencing court

1 has jurisdiction. Tripati, 843 F.2d at 1163.   A prisoner may not collaterally attack a federal conviction
2 or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v.
3 United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v.
4 Flores, 616 F.2d 840, 842 (5th Cir.1980).

5   In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's
6 execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Capaldi v. Pontesso,
7 135 F.3d 1122, 1123 (6th Cir. 1998);  United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994);
8 Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d
9 889, 893-94 (6th Cir. 1991);  Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991);  United States
10 v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677 (9th
11 Cir. 1990).

12   Petitioner's challenges to the sentencing court's application of the federal sentencing guidelines
13 to compute his sentence are a direct challenge on the sentence that lies outside the scope of federal
14 habeas jurisdiction.  Rather, the proper vehicle for challenging such a mistake is a motion to vacate, set
15 aside, or correct the sentence pursuant to 28 U.S.C. § 2255, not a habeas corpus petition.
16 Nevertheless, a federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 *if*
17 he can show that the remedy available under § 2255 is "inadequate or ineffective to test the validity of
18 his detention." Hernandez v. Campbell, 204 F.3d 861, 864-5 (9th Cir.2000); United States v. Pirro, 104
19 F.3d 297, 299 (9th Cir.1997) (*quoting* § 2255).  The Ninth Circuit has recognized that this is a very
20 narrow exception.  Id; Ivy v. Pontesso, 328 F.3d 1057 (9th Cir. 2003) (a petitioner must show actual
21 innocence *and* that he never had the opportunity to raise it by motion to demonstrate that § 2255 is
22 inadequate or ineffective); Holland v. Pontesso, 234 F.3d 1277 (9th Cir. 2000) (§ 2255 not inadequate or
23 ineffective because Petitioner misses statute of limitations); Aronson v. May, 85 S.Ct. 3, 5 (1964) (a
24 court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Lorentsen v. Hood,
25 223 F.3d 950, 953 (9th Cir. 2000) (same); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a petitioner's
26 fears of bias or unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage,
27 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956); see United States v.
28 Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001) (procedural requirements of § 2255 may not be

11

circumvented by invoking the All Writs Act, 28 U.S.C. § 1651). The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

In Ivy v. Pontesso, 328 F.3d 1057 (9th Cir. 2003), the Ninth Circuit held that the remedy under a § 2255 motion would be "inadequate or ineffective" if a petitioner is actually innocent, but procedurally barred from filing a second or successive motion under § 2255. Ivy, 328 F.3d at 1060-1061. That is, relief pursuant to § 2241 is available when the petitioner's claim satisfies the following two-pronged test: "(1) [the petitioner is] factually innocent of the crime for which he has been convicted and, (2) [the petitioner] has never had an 'unobstructed procedural shot' at presenting this claim." Id. at 1060.

"In determining whether a petitioner had an unobstructed procedural shot to pursue his claim, we ask whether petitioner's claim 'did not become available' until after a federal court decision." Harrison v. Ollison, 519 F.3d 952, 960 (9th Cir. 2008), cert. denied __ U.S. __, 129 S.Ct. 254 (2008). "In other words, we consider: (1) whether the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law changed 'in any way relevant' to petitioner's claim after that first § 2255 motion." Id., citing Ivy, 328 F.3d at 1060-61.

In Ivy, petitioner, who was convicted in 1993 in Missouri district court of engaging in a continuing criminal enterprise, contended in a habeas corpus petition filed pursuant to § 2241 in the District of Arizona, where he was confined, that he was actually innocent because the indictment did not charge him with the requisite three offenses to sustain a conviction for a continuing criminal enterprise. Ivy, 328 F.3d at 1058. After an unsuccessful appeal, Ivy filed motions pursuant to § 2255 in 1995, 1997, and 1999. Id. The original motion was denied on its merits, while the second and third motions were denied as second and successive motions. Id. In 2000, Ivy filed his federal habeas petition in the Arizona district court. Id. The district court, however, dismissed the petition because Ivy had not shown that § 2255 was either inadequate or ineffective. Id.

In affirming the district court's dismissal, the Ninth Circuit employed the two-part test discussed above, i.e., that petitioner must show he is factually innocent of the crime for which he had

12

been convicted and that he has never had an "unobstructed procedural shot" at presenting this claim. Id. at 1059. In explaining that standard, the Ninth Circuit stated:

> In other words, it is not enough that the petitioner is <u>presently</u> barred from raising his claim of innocence by motion under 2255. He *must never have had* the opportunity to raise it by motion.

Id. at 1060 (emphasis supplied). Applying that standard, the Ninth Circuit rejected Ivy's claims, holding that the law regarding continuing criminal enterprises had not changed subsequent to his conviction and that he had indeed had an opportunity to raise such a claim in the past. Id. at 1061.

The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963). This Petitioner has failed to do. As in Ivy, Petitioner cannot establish any relevant intervening change in the law since his conviction that would trigger the savings clause, nor has he established that he could not have raised these claims in a motion pursuant to § 2255 in the sentencing court. Petitioner, therefore, cannot contend that he has not had an unobstructed procedural shot at presenting these claims in the trial court. Accordingly, he has failed to establish that § 2255 is either inadequate or ineffective for purposes of invoking the savings clause, and the fact that he may now be procedurally barred by the AEDPA from obtaining relief, either through passage of time or other circumstances, does not alter that conclusion. Ivy, 328 F.3d 1059-1061 (§ 2255 not inadequate or ineffective because Petitioner misses statute of limitations); Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000) (same); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956); see United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001) (procedural requirements of § 2255 may not be circumvented by invoking the All Writs Act, 28 U.S.C. § 1651).

Moreover, Petitioner has failed to even allege, much less establish that he is actually innocent of the charges against him. "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley v. United States, 523 U.S. 614, 623, 118 S.Ct. 1604 (1998)(*quoting* Schlup v. Delo, 513 U.S. 298, 327-328, 115 S.Ct. 851 (1995)); Stephens v. Herrera, 464 F.3d 895, 898 (9th cir. 2008). "[A]ctual innocence

13

means factual innocence, not mere legal insufficiency," and "in cases where the Government has forgone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges." Bousley, 523 U.S. at 623-624.  However, a petitioner's obligation to demonstrate actual innocence is limited to crimes actually charged or consciously forgone by the Government in the course of plea bargaining.  See, e.g., id. at 624 (rejecting government's argument that defendant had to demonstrate actual innocence of both "using" and "carrying" a firearm where the indictment only charged using a firearm).

Although the United States Supreme Court has not provided much guidance regarding the nature of an "actual innocence" claim, the standards announced by the various circuit courts contain two basic features: actual innocence and retroactivity.  E.g., Reyes-Requena v. United States, 243 F.3d 893, 903 (5th Cir. 2001); In re Jones, 226 F.3d 328 (4th Cir. 2000); In re Davenport, 147 F.3d 605 (7th Cir. 1998); Triestman v. United States, 124 F.3d 361 (2nd Cir. 1997); In re Hanserd, 123 F.3d 922 (6th Cir. 1997); In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997).

The "core idea" expressed in these cases is that the petitioner may have been imprisoned for conduct that was not prohibited by law.  Reyes-Requena, 243 F.3d at 903.  Such a situation is most likely to occur in a case that relies on a Supreme Court decision interpreting the reach of a federal statute, where that decision is announced after the petitioner has already filed a § 2255 motion.  This is so because a second or successive § 2255 motion is available only when newly discovered evidence is shown or a "new rule of *constitutional* law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  Id. (emphasis supplied).  Because  § 2255 limits a second or successive petition to Supreme Court cases announcing a new rule of constitutional law, it provides no avenue through which a petitioner could rely on an intervening Court decision based on the substantive reach of a federal statute under which he has been convicted.  Id.; see Lorentsen, 223 F.3d at 953 ("Congress has determined that second or successive [§ 2255] motions may not contain statutory claims."); Sustache-Rivera v. United States, 221 F.3d 8, 16 (1st Cir. 2000)("The savings clause has most often been used as a vehicle to present an argument that, under a Supreme Court decision overruling the circuit courts as to the meaning of a statute, a prisoner is not guilty…The savings clause has to be resorted to for [statutory claims] because Congress restricted second or successive petitions to

constitutional claims."). Obviously, "decisions of [the Supreme Court] holding that a substantive federal criminal statute does not reach certain conduct…necessarily carry a significant risk that a defendant stands convicted of 'an act that the law does not make criminal.'" Bousley, 523 U.S. at 620. To incarcerate one whose conduct is not criminal "inherently results in a complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346, 94 S.Ct. 2298 (1974).

As mentioned above, Petitioner has never alleged he is actually innocent of the federal charges for which he is now serving his life sentence. Accordingly, he has failed to show he is entitled to use the savings clause in order to proceed with his sentencing challenge under § 2241 instead of § 2255.

Section 2255 motions must be heard in the sentencing court. 28 U.S.C. § 2255(a); Hernandez, 204 F.3d at 864-865. Because this Court is only the custodial court and construes the sentencing claims as a § 2255 motion, this Court lacks jurisdiction over those claims and they must, therefore, be dismissed. Hernandez, 204 F.3d at 864-865. In sum, should Petitioner wish to pursue his claims regarding sentencing error in federal court, he must do so by way of a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1]

Moreover, the Court declines to issue a certificate of appealability as to those claims challenging his sentence.[1] A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-336 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with

---

[1] A petition for writ of habeas corpus pursuant to § 2255 *must be filed in the court where petitioner was originally sentenced*. In this case, Petitioner challenges a sentence adjudicated in the United States District Court for the Eastern District of North Carolina. Thus, that court is the proper venue for filing a petition for writ of habeas corpus pursuant to § 2255.

[2] **Error! Main Document Only.** The plain language of 28 U.S.C. § 2253(c)(1) does not require a certificate of appealability as to Petitioner's credits challenge because it would be an appeal from an order denying a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, not a final order in a habeas proceeding in which the detention complained of arises out of process issued by a State court. Forde v. U.S. Parole Commission, 114 F.3d 878 (9th Cir. 1997); see Ojo v. INS, 106 F.3d 680, 681-682 (5th Cir. 1997); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996).

> a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denied a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further'." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (*quoting* Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.  Thus, the Court DECLINES to issue a certificate of appealability.

## **ORDER**

For the foregoing reasons, the Court HEREBY ORDERS as follows:

1. The petition for writ of habeas corpus (Doc. 1), is DENIED with prejudice as to his credits challenge and DISMISSED as to his sentencing challenge;

2. The Clerk of the Court is DIRECTED to enter judgment and close the file;

///

///

///

3. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:  **April 24, 2013**               **/s/ Jennifer L. Thurston**
                                         UNITED STATES MAGISTRATE JUDGE